## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH KEHRER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-CV-1631-DWD |
| | ) | |
| UNITED STATES OF AMERICA, and | ) | |
| GENERAL MOTORS, LLC., | ) | |
| | ) | |
| Defendants. | | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Now before the Court is the United States' Motion to Dismiss Pursuant to Rules 12(b)(5) & 12(b)(6), or in the alternative, Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 12). Plaintiff has Responded (Doc. 14). For the reasons set forth below, the Motion will be granted.

### Background

Plaintiff Joseph Kehrer originally filed this lawsuit in the Circuit Court of the Twenty-Fourth Judicial Circuit, Randolph County, Illinois, on August 24, 2022. (Doc. 1-1). The Complaint alleges the following:

On June 14, 2021, while working as a mail carrier for the United States Postal Service, Nicole L. Deppe negligently swerved into the oncoming lane of travel and crashed her motor vehicle at a high speed into Plaintiff's truck. As a result, Plaintiff suffered injuries to his neck, back, chest and arms. His truck, a 2020 Chevy Silverado, was severely damaged. Additionally, when the airbag deployed from Plaintiff's steering

wheel in the crash, it burned a hole through his shirt and injured his chest. Plaintiff's airbag injuries resulted from Defendant General Motors, LLC's ("General Motors") negligent design and manufacturing of his truck.

On July 1, 2024, the United States removed the case to federal court, asserting that, at all relevant times, Deppe was employed by the United States Postal Service as a Rural Carrier Associate and acting within the scope of her federal employment. (Doc. 1). Under the Federal Tort Claims Act ("FTCA"), federal district courts have exclusive jurisdiction over claims against the United States arising out of torts allegedly committed by federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2671-2679. Accordingly, the United States was substituted as a defendant in Deppe's stead, and Deppe was dismissed from the case, with prejudice. (Doc. 6).

## Motion to Dismiss

On August 5, 2024, the United States of America filed a motion to dismiss, or alternatively, for summary judgment, asserting that Plaintiff failed to complete the FTCA's administrative exhaustion requirements, which are a prerequisite to filing suit. (Doc. 12, p. 2).[1] The United States argues that under the FTCA, a plaintiff must present his claim to the appropriate federal agency before filing suit. Specifically, 28 U.S.C. § 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

---

[1] The United States also asserts that Plaintiff failed to serve the United States in accordance with Rule 4, such that dismissal is appropriate. *See* Fed. R. Civ. P. 4(i)(1); 12(b)(5). However, as Plaintiff admits that dismissal of his claim against the United States is warranted for failure to exhaust administrative remedies, it is not necessary for the Court to reach the service issue.

within the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate Federal agency, and his claim shall have been finally denied by the agency in writing.

The failure to exhaust administrative remedies before filing suit under the FTCA mandates dismissal. [2] *Old Nat. Tr. Co. v. United States*, No. 12-CV-0197, 2013 WL 3944432, at *3 (S.D. Ill. July 31, 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)). "The purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005).

In his Response, Plaintiff admits that dismissal is appropriate pursuant to § 2675(a) for failure to exhaust administrative remedies. (Doc. 14, p. 1). Accordingly, the Court finds it appropriate to dismiss Plaintiff's claim against the United States, without prejudice.

## Jurisdiction

Now, as Plaintiff's FTCA claim has been dismissed, the Court addresses jurisdictional concerns over Plaintiff's remaining state law claims against Defendant General Motors.

Federal courts have an obligation to investigate their jurisdiction on their own initiative, *see Hemmings v. Barian*, 822 F.2d 688, 693 (7th Cir. 1987), and a "virtually

---

[2] When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) for failure to exhaust, the Court may examine administrative documents, as the Court can take judicial notice of matters in the public record. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003).

unflagging obligation" to exercise their jurisdiction when it exists, subject to few narrow exceptions. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

Here, it is unclear whether the Court possesses original jurisdiction or pendent jurisdiction of the remaining state law claims against Defendant General Motors. It is ordinarily true that the court should, in the exercise of its discretion, dismiss pendent state law claims when the federal claims to which the state law claims are pendent have been dismissed. 28 U.S.C. § 1367(c)(3); *Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007).[3] However, the Seventh Circuit has explained that when diversity requirements are met, district courts should not relinquish jurisdiction over state law claims. *Baker v. Kingsley*, 387 F.3d 649, 656–57 (7th Cir. 2004) ("[T]he authority to remand pursuant to § 1367 extends only to claims that are not within the district court's original jurisdiction. It is an abuse of discretion for a district court to remand a federal claim that is properly before it." (citations omitted)).

Neither Plaintiff nor General Motors has addressed an alternative basis of federal subject matter jurisdiction over the Plaintiff's state law claims. The state court pleadings suggest that, rather than being pendant, the state law claims may be within the Court's

---

[3] However, this rule is subject to three recognized exceptions: (1) when the statute of limitations bars the refiling of the state law claim; (2) where substantial judicial resources have already been expended on the state law claim; and (3) when it is clearly apparent how the state law claim is to be decided. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994); *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).

diversity jurisdiction.[4] According to the pleadings, Plaintiff is a resident of Illinois, (Doc. 1-1, p. 1), and Defendant General Motors is a Delaware limited liability company with its principal place of business in Michigan. (Doc. 1-2, p. 5). However, the Complaint is silent on the amount in controversy. Without the satisfaction of both requirements, the Court does not have original jurisdiction over the remaining claims in this case, and, consequently, the case must be remanded. *See Nightingale Home Healthcare, Inc. v. Anodyne Therapy*, LLC, 589 F.3d 881, 883 (7th Cir. 2009) ("But if as in this case the district court retains jurisdiction because it mistakenly believes that the claims, rather than being supplemental, are within the diversity jurisdiction, the retention cannot be defended as an exercise of discretion. It is an abuse of discretion not to exercise discretion." (citations omitted)); *Moder v. L.E. Meyers Co.*, 589 F. Supp. 2d 1043, 1047 (W.D. Wis. 2008) ("[T]he Seventh Circuit has cautioned that the 'may' in § 1367(c) is closer to 'must'; unless the circumstances of the case are 'unusual,' dismissal (or in this case remand) of state law claims is proper once the federal claims are dismissed." (citing *Wright,* 29 F.3d at 1251–52).

Accordingly, the Court finds it appropriate to allow Parties the opportunity to brief the issue of subject matter jurisdiction, and whether they believe the Court should retain or remand Plaintiff's remaining state law claims.

---

[4] Federal courts have original jurisdiction over diversity cases—civil actions between citizens of different states where the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1).

<u>**Disposition**</u>

**IT IS HEREBY ORDERED THAT** the United States' Motion to Dismiss (Doc. 12) is **GRANTED**. Claim 1 against the United States is **DISMISSED**, without prejudice, because Plaintiff failed to exhaust this claim as required by the § 2675(a) of the FTCA. Defendant's Alternative Motion for Summary Judgment is **DENIED,** as moot. Finally, Plaintiff and Defendant General Motors are **ORDERED** to brief the issue of this Court's subject matter jurisdiction over the remaining state law claims **on or before October 15, 2024.**

**SO ORDERED.**

Dated: September 30, 2024

_____
DAVID W. DUGAN
United States District Judge